| | |
|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA |
| NEVA THERESE O'NEILL,<br><br>                Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,<br><br>                Defendant. | CASE NO. 3:17-CV-05753-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed before a United States Magistrate Judge, Dkt. 3). This matter has been fully briefed. *See* Dkt. 8, 9, 10.

      After reviewing and considering the record, the Court concludes the ALJ erred in failing to assign controlling weight to the treating physician's opinion pursuant to 20 C.F.R.§ 416.927. Treating rheumatologist, Dr. James Nakashima, diagnosed the plaintiff with fibromyalgia. *See* AR.18. The ALJ assigned little weight to Dr. Nakashima's medical opinion because it was not

consistent with or supported by the overall medical evidence of record, because Dr. Nakashima's notes report improvement and stability in the condition, and because Dr. Nakashima appears to rely exclusively on anecdotal claims while failing to order necessary testing. AR. 30. This Court finds that the ALJ did not offer specific and legitimate reasons in assigning little weight to Dr. Nakashima's opinion. The ALJ's analysis of the record appears to amount to cherry-picking wherein he identifies evidence to support a non-disability finding while overlooking evidence favorable to the plaintiff. This is not harmless error because a reasonable ALJ, when granting controlling weight to Dr. Nakashima's opinion, may have added additional limitations to the plaintiff's residual functional capacity and reached a different disability determination.

This matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

BACKGROUND

Plaintiff, NEVA THERESE O'NEILL, was born in 1977 and was 34 years old on the alleged date of disability onset of June 23, 2012. *See* AR. 266-71. Plaintiff has completed some college courses. AR. 63-64. Plaintiff has work experience as a security guard, travelling with a carnival, working in a fish cannery, as a receptionist, a bartender, and in a fast food restaurant. AR. 64-65.

According to the ALJ, plaintiff has at least the severe impairment of "fibromyalgia (20 CFR 416.920(c)." AR. 18.

At the time of the hearing, plaintiff was living with her two young children and the children's father. AR. 46-47.

//

//

| | |
|---|---|
| 1 | <div align="center">PROCEDURAL HISTORY</div> |
| 2 | Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 |
| 3 | U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following |
| 4 | reconsideration. *See* AR. 82-89, 92-101. The Appeals Council vacated the hearing decision from |
| 5 | plaintiff's first hearing. *See* AR. 60-81, 102-18, 119-24. Plaintiff's second hearing was held |
| 6 | before Administrative Law Judge Steve Lynch ("the ALJ") on June 14, 2016. *See* AR. 38-59. On |
| 7 | July 25, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was |
| 8 | not disabled pursuant to the Social Security Act. *See* AR. 12-37. |
| 9 | In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The ALJ improperly |
| 10 | rejected the opinion of James Nakashima, M.D.; (2) The ALJ improperly rejected the lay witness |
| 11 | testimony; and (3) The ALJ improperly rejected the plaintiff's testimony. *See* Dkt. 8, p. 1. |
| 12 | <div align="center">STANDARD OF REVIEW</div> |
| 13 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 14 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 15 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 16 | Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 17 | <div align="center">DISCUSSION</div> |
| 18 | **1. Whether the ALJ improperly rejected the opinion of treating physician Dr. James Nakashima.** |
| 19 | |
| 20 | Plaintiff alleges that the ALJ improperly rejected the treating physician's opinion when concluding that plaintiff was not disabled. |
| 21 | |
| 22 | The ALJ assigned little weight to plaintiff's treating rheumatologist, Dr. Nakashima, stating it was not consistent with or supported by the overall medical evidence of record. AR. 30. |
| 23 | |
| 24 | The ALJ afforded great weight to Dr. Ostrow, a medical expert who testified at the hearing, and |

significant weight to Dr. Hilby, a state disability medical consultant. *Id.* Neither doctor Ostrow nor Hilby examined the plaintiff.

"In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (citing *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996)[1]. Specifically, the ALJ stated that Dr. Nakashima appears to rely exclusively on anecdotal claims while failing to order necessary testing; and that Dr. Nakashima's notes report improvement and stability in the condition. AR. 30. This Court concludes that the ALJ's findings are specific but not legitimate and he appears to credit factors supporting a finding of non-disability while discrediting factors that would support a disability determination.

    *A. Reliance on anecdotal claims.*

The ALJ rejects Dr. Nakashima's assessment stating "there were no clinical findings or medical signs upon which to base either of the diagnoses rendered by Dr. Nakashima." AR. 25, 30. The ALJ bases his finding on a negative ANA rheumatoid factor and stated that Dr. Nakashima appears to rely significantly on the claimant's anecdotal pain level complaint. *Id;* AR. 415. In the Ninth Circuit, "if a treating provider's opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see also Bayliss*, 427 F.3d at 1217. However, "when an opinion is not more

---

[1] In *Lester*, the Court further clarifies that a treating physician is entitled to greater weight than an examining but non-treating physician. Therefore, a treating physician is entitled to greater weight than both examining and non-examining medical sources. *Lester, supra,* 81 F.3d at 830.

heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

The ALJ's determination that "there were no clinical findings or medical signs" is in error. The exhibit cited by the ALJ states the patient is "found to have elevated sed rate of 23, ANA rheumatoid factor negative." AR. 415. The "sed rate," or erythrocyte sedimentation rate, is a blood test that can reveal whether inflammation is present and is commonly used in diagnosing inflammatory and autoimmune conditions.[2] The ALJ uses the negative ANA rheumatoid factor to support his non-disability finding but fails to address the elevated "sed rate," which is a clinical finding supporting the plaintiff's position. Furthermore, the physical examination on the same day revealed medical signs including mild distress, difficulty standing from sitting position, and sixteen of eighteen tender fibromyalgia points with specific mention of tenderness in the hands, wrists, shoulders, knees, and lumbar region, which is in contrast to the ALJ's statement that Dr. Nakashima "generically listed 'multiple tender fibromyalgia points' and 'impression' on this date was merely 'fibromyalgia.'" AR. 25; 415. The ALJ overlooks these observations stating "Dr. Nakashima relied significantly on the claimant's subjective pain level complaint." AR. 25.

The ALJ also cited an "electromyelogram (EMG) and nerve conduction velocity (NCV) workups, all of which were negative for any carpal tunnel syndrome etiology," as evidence that the plaintiff's fibromyalgia diagnosis was not based on clinical findings. AR. 25. Examining neurologist Dr. Shang indicates that he ordered these tests to rule out carpal tunnel syndrome and ulnar neuropathy. AR. 417. Additionally, the ALJ relies on negative wrist x-rays to discount Dr.

---

[2] *Erythrocyte Sedimentation Rate*, U.S. NAT'L LIBRARY OF MED., https://medlineplus.gov/labtests/erythrocytesedimentationrateesr.html. (last visited June 20, 2018).

Yakashima's medical opinion. AR. 25; 30.  Wrist x-rays are not dispositive of a fibromyalgia diagnosis pursuant to SSR 12-2p which does not list wrist x-rays as diagnostic criteria for fibromyalgia.  In disability cases involving fibromyalgia, the Commissioner requests evidence ruling out other conditions which may be causing the claimant's symptoms. SSR 12-2p, 2012 SSR LEXIS 1, *6-7. ("[I]t is common in cases involving [fibromyalgia] to find evidence of examinations and testing that rule out other disorders that could account for the person's symptoms and signs. Lab testing may include imaging and other laboratory tests"). Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing *Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (citing *Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356)) (footnote omitted).

It is improper for the ALJ to base his finding of non-disability on clinical findings that rule out a condition that plaintiff is not alleging as a disabling condition. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (citing *Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.  It may well be that the non-disability finding does bear upon these negative test results, but the ALJ must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th

Cir. 1988)). Here, Dr. Nakashima continued to diagnose the plaintiff with fibromyalgia despite ruling out carpal tunnel syndrome. AR. 443. The ALJ failed to explain why his own interpretations, rather than those of Dr. Nakashima, are correct. Therefore, this reason is not a legitimate reason for rejecting Dr. Nakashima's conclusion.

  *B. Reports on improvement and stability in the condition.*

  The ALJ supports his decision in part by stating that Dr. Nakashima's notes report improvement and stability in plaintiff's fibromyalgia impairment. AR. 30. The ALJ notes that on September 28, 2012, plaintiff's pain had subsided and sleep and activity had improved. *Id.;* AR. 411. The same day, Dr. Nakashima increased plaintiff's doses of Gabapentin and Cymbalta. AR. 411. The ALJ also noted that "on July 17, 2015, Dr. Nakashima opined that the claimant's fibromyalgia has improved after completing [a] physical examination which was within normal limits." AR 30. However, Dr. Nakashima's notes also indicate increasing pain in right leg, burning, aching, and occasional numbness in feet, morning stiffness, and lower back pain. AR. 445. The physical exam revealed neck and back tenderness, a positive straight leg raise on right, and tenderness in the trochanter bursa and lower back. *Id.*

  In the Ninth Circuit, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571. For example, "an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them." *Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) (citing *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014)).

Here, the ALJ identifies evidence supporting his notion that plaintiff's condition has improved without addressing factors in the same record that may indicate her condition has not necessarily improved. Additionally, improvement of plaintiff's condition does not necessarily restore her ability to engage in SGA. Although not binding authority, the Court finds the following discussion persuasive:

> We also believe that the Commissioner erroneously relied too heavily on indications in the medical record that Hutsell was 'doing well' because doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity. Given that Hutsell's treating physician has not discharged her from treatment and requires her to see him frequently… is not inconsistent with a finding of disability.

*Hutsell v. Massanari*, 259 F.3d 707, 712-713 (8th Cir. 2001) (internal citations omitted). The Social Security Ruling on fibromyalgia states that "for a person with [fibromyalgia], we will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have "bad days and good days." SSR 12-2p, 2012 SSR LEXIS 1, *17. Similarly, the Ninth Circuit has held that simply because a claimant sometimes reports the absence of a symptom, this does not contradict other occasions where the symptom is reported, as symptoms and limitations can wax and wane. *Trevizo v. Berryhill*, Case No. 15-6277, 2017 U.S. App. LEXIS 17979 at *33 (9th Cir. September 14, 2017) ("it is not inconsistent with disability that Treviso was not entirely incapacitated by fatigue at all times, and the treatment notes reflect that Treviso reported weakness or fatigue at more than half of her appointments with Dr. Galhotra") (internal citation to *Lester*, 81 F.3d at 833).

This Court also notes that the ALJ's treatment of the record suggests improper "cherry-picking" of aspects of the record that support the ALJ's decision, while failing to develop the record on aspects of the record that support a finding of disabling limitations. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("the ALJ improperly cherry-picked some of [the

doctor's] characterizations of [the claimant's] rapport and demeanor instead of considering these factors in the context of [the doctor's] diagnoses and observations of impairment") (citations omitted); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("by cherry-picking Dr. Mahmood's file to locate a single treatment note that purportedly undermines her overall assessment of [the claimant's] functional limitations, the ALJ demonstrated a fundamental, but regrettably all-too-common, misunderstanding of mental illness") (collecting cases) (citations omitted).

Accordingly, the Court concludes that the ALJ failed to give specific and legitimate reasons for rejecting the treating physician's opinion as required by the Ninth Circuit. *Lester, supra*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

**(2)     Whether the ALJ improperly rejected the lay witness testimony.**

Plaintiff also alleges the ALJ improperly rejected lay witness testimony.

This Court concluded that the ALJ failed to provide specific and legitimate reasons for rejecting the treating physician's opinion. *See* Section 1, *supra*. Therefore, because the ALJ's reconsideration of the treating physician's opinion may change his assessment of plaintiff's subjective testimony and the lay witness testimony, the ALJ should, on remand, give further consideration to lay witness testimony.

**(3)     Whether the ALJ improperly rejected the plaintiff's testimony.**

Lastly, plaintiff alleges the ALJ failed to give clear and convincing reasons for rejecting her testimony regarding the severity and limiting effects of her impairment. Again, since this Court concluded that the ALJ failed to provide specific and legitimate reasons for rejecting the treating physician's opinion. *See* Section 1, *supra*, the ALJ's reconsideration of the treating

physician's opinion may change his assessment of plaintiff's subjective testimony, the ALJ should, on remand, give further consideration to plaintiff's testimony.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 22nd day of June, 2018.

*J. Richard Creatura*
J. Richard Creatura
United States Magistrate Judge